WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan James Gardner, | No. CV-16-00302-TUC-JAS (EJM) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| JT Shartle, | |
| Respondent. | |

Pending before the Court is Petitioner Bryan James Garnder's *pro se* Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus. (Doc. 1). Petitioner alleges that the Bureau of Prisons ("BOP") has failed to credit his federal sentence with time that he spent in federal custody on a Writ of Habeas Corpus Ad Prosequendum. *Id.* Respondent filed a Return and Answer and requests that the Court deny the Petition. (Doc. 13). Petitioner filed a Reply to the Answer. (Doc. 14).

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was referred to Magistrate Judge Markovich for a Report and Recommendation. For the reasons stated below, the Magistrate Judge recommends that the District Court deny the Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus. (Doc. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 4, 2008, Petitioner was paroled from the Utah Department of Corrections ("Utah DOC") where he was serving two state sentences: (1) a parole eligible

life sentence for Sexual Abuse of a Child, which expires on January 21, 2099; and (2) a 15-year sentence for Sexual Exploitation of a Minor, which expires on March 2, 2020. (Doc. 13 Ex. A Attach. 2). On January 21, 2010, Petitioner was arrested and detained on a parole violation. (Doc. 13 Ex. A. Attach. 3). On January 27, 2010, Petitioner signed an affidavit and plea of guilt, admitting to the conduct that led to the parole violation. (Doc. 13 Ex. A. Attach. 2 at 2). On February 10, 2010, the Utah Parole Board revoked Petitioner's March 4, 2008 parole date and Petitioner again began serving the undischarged portion of his state sentence. (Doc. 13 Ex. A Attach. 2 at 3).

On June 23, 2010, Petitioner was indicted in the United States District Court for the District of Utah for possession of child pornography. (Doc. 13 Ex. A Attach. 4).[1] On March 29, 2011, Petitioner was transferred from Utah state prison to the custody of the U.S. Marshals Service pursuant to a federal writ of habeas corpus ad prosequendum issued by the United States District Court for the District of Utah on March 21, 2009. (Doc. 13 Ex. A Attach. 5). The writ provided that Petitioner would be returned to the state institution that he had been residing in at the conclusion of the federal case. *Id.*

On February 6, 2013, Petitioner and the Utah Parole Board stipulated to vacate Petitioner's guilty plea to the parole violation charge. (Doc. 1-2 at 17–18, 23). The parties also agreed to hold a parole revocation hearing upon final adjudication of Petitioner's federal case. *Id.* at 17.

On August 6, 2013, Petitioner pled guilty to possession of child pornography in his federal case and was sentenced to 120 months imprisonment and a lifetime term of supervised release. (Doc. 13 Ex. A Attach. 9). At sentencing, Petitioner's counsel requested that the district court order Petitioner's federal sentence to run concurrently with his state sentences, and also asked the court to order the concurrent sentence run retroactively and include the time that Petitioner had been in state custody on the parole

---

[1] This indictment was later dismissed without prejudice for violation of the Speedy Trial Act, and Petitioner was re-indicted in the Utah District Court on January 9, 2013 for possession of child pornography and distribution of child pornography. (Doc. 13 Ex. A Attachs. 7 & 8).

violation. The district ordered the federal sentence "to run concurrently with [the] two state court sentences presently being served in the Utah State Prison" (Doc. 13 Ex. A. Attach. 11 at 20:19–21), but declined to order concurrent retroactive time for the following reasons:

> I am not going to run concurrent retroactive time. Whether it is allowed or not, I really don't know because as you pointed out both cases are a little bit ambiguous, it is counseled against in the guidelines, and importantly, the [plea] agreement simply says concurrently. It does not mention backwards retroactively. And in view of the fact that Mr. Gardner is getting quite a break, I do not think that it is in any way what was contemplated by the agreement and I decline to do so.

(Doc. 13 Ex. A. Attach. 11 at 13:19–14:2).

On August 15, 2013 Petitioner was returned to Utah state prison. (Doc. 13 Ex. A Attach. 6 at 2). Petitioner remained in federal custody pursuant to the writ from March 29, 2011, though August 15, 2013, when he was returned to the state institution.

On September 6, 2013, the Utah Parole Board vacated Petitioner's affidavit and plea of guilty to his parole violation, and also vacated the February 10, 2010 revocation of Petitioner's parole that was based on the guilty plea. (Doc. 13 Ex. A Attach. 2 at 2). The Utah Parole Board scheduled a new parole revocation hearing for September 25, 2013. *Id.* Petitioner remained in custody pending that hearing.

On October 7, 2013, the Utah Parole Board again revoked Petitioner's March 4, 2008 parole date. (Doc. 13 Ex. A Attach. 2 at 1). On February 18, 2014, Petitioner was paroled to the United States Marshals Service ("USMS"). *Id.* Petitioner remains subject to the jurisdiction of the Utah Parole Board until the expiration of his state sentences on January 1, 2099, unless the Utah Parole Board terminates or commutes his sentence.

On April 16, 2014 the BOP designated the Utah DOC for service of Petitioner's federal sentence. (Doc. 13 Ex. A Attach. 10; Ex. B ¶12, Attach. 7).

On June 4, 2014, Petitioner filed a motion to correct clerical error which requested that the District Court in Utah amend its judgment to set out the exact dates for credit for time served. The district court declined to do so and left the "determination and

calculation of time served to the Bureau of Prisons." (Doc. 13 Ex. A. Attach. 3 at 4). The United States Court of Appeals for the Tenth Circuit affirmed the district court decision, reasoning that: (1) Petitioner was requesting that the district court do something that the court declined to do at sentencing; and (2) the district court has no authority to compute pre-sentence credit; only the Attorney General, though the BOP, has that authority. *Id.* at 6–7.

The BOP prepared a sentence computation for Petitioner based on the 120-month term of imprisonment commencing on August 6, 2013, the date the district court imposed the federal sentence. (Doc. 13 Ex. B Attach. 6). The BOP did not credit Petitioner's federal sentence with the time he spent in state custody prior to the imposition of his federal sentence because the Utah DOC credited that time toward the satisfaction of Petitioner's state sentences. (Doc. 13 Ex. A Attach. 2 at 4). Petitioner's projected release date is May 15, 2022. (Doc. 13 Ex. B Attach. 6).

## II. ANALYSIS

### A. Jurisdiction

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' … and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), *overruled in part on other grounds by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004)). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id*. at 864. Therefore, a proper characterization of the petition is necessary to determine jurisdiction. *Id*.

Additionally, the judicial power of this and all federal courts is limited to actual cases or controversies. U.S. Const. art. III; *see also Flast v. Cohen*, 392 U.S. 83, 94-95 (1968); *Munoz v. Rowland*, 104 F.3d 1096, 1097 (9th Cir. 1997). "A petition for writ of

habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus." *Salazar-Torres v. Benov*, 2014 WL 4960586 (E.D. Cal. Oct. 1, 2014) (citing *Burnett v. Lampert*, 432 F.3d 996, 1000–01 (9th Cir. 2005)); *see also Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

Here, Petitioner does not claim that the sentencing court imposed an illegal sentence; rather, he seeks relief with respect to how that sentence is to be served. As such, Petitioner is challenging the manner, location or condition of the execution of his sentence. A § 2241 petition is the appropriate vehicle to challenge the BOP's determination of presentence credit on a petitioner's prison sentence. *Taylor v. Reno*, 164 F.3d 440, 442 (9th Cir. 1998). At the time of filing the Petition, Petitioner was incarcerated at USP—Tucson in Arizona. Accordingly, this Court has jurisdiction over this matter. *Francis v. Rison*, 894 F.2d 353 (9th Cir. 1990).

### B. Exhaustion

As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241. *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54–55 (1995). "Nevertheless, '[p]rudential limits like jurisdictional limits and limits on venue, are ordinarily not optional.'" *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (alteration in original) (*quoting Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006)).

Here, Respondent concedes that Petitioner properly exhausted his administrative remedies prior to filing the instant § 2241 petition.

### C. Federal Sentence Commencement

"[T]he Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). "[A]

federal sentence cannot commence until a prisoner is sentenced in federal district court." *Schleining v. Thomas*, 642 F.3d 1242, 1244 (9th Cir. 2011). Further, a federal sentence does not actually commence until "'the date the defendant is received in custody awaiting transportation to, or arrives . . . at, the official detention facility at which the sentence is to be served,' 18 U.S.C. § 3585, not when sentence is imposed." *Taylor*, 164 F.3d at 445. In addition, a federal sentence does not commence upon pronouncement of the sentence while a state retains primary custody over a prisoner. *Id.* at 444, 447. The BOP may, in its discretion, designate a state facility in which an inmate is serving a state sentence as the place for an inmate to serve a subsequently imposed federal sentence that has been ordered to run concurrently with the state sentence. *See* 18 U.S.C. 3621(b).

Here, Petitioner was transferred to BOP custody on March 29, 2011 pursuant to the writ of habeas corpus ad prosequendum, and was then returned to the custody of the state of Utah on August 15, 1013, following his sentencing in federal court on August 6, 2013. This temporary transfer of Petitioner to BOP's custody for purposes of federal prosecution did not interrupt his primary state custody. The case law is clear that a person transferred to federal detention pursuant to a federal writ remains in state custody and not federal custody. *Schleining*, 642 F.3d at 1243 n.1; *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) ("When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly."); *Cordero v. Benov*, 574 Fed.Appx. 788 (9th Cir. 2014) (inmate not entitled to credit towards federal sentence for time spent in federal custody pursuant to writ of habeas corpus ad prosequendum); *Pinnow v. Graber*, 452 Fed.Appx. 740 (9th Cir. 2011) (same). Thus, while Petitioner was "on loan" to the BOP, Petitioner remained under the primary jurisdiction of the state of Utah, and the earliest date that Petitioner's federal sentence could begin is August 6, 2013—the date that the district court in Utah imposed the 120-month sentence. Indeed, the BOP commenced Petitioner's concurrent federal sentence on that date and, as the district court ordered, that sentence is only concurrent with the

remaining term of Petitioner's state sentences.[2]

### D. Prior Custody Credit

Petitioner contends that he is entitled to credit towards his federal sentence for the time he spent in federal custody pursuant to the writ of habeas corpus ad prosequendum while awaiting adjudication of his federal charges. The basis of Petitioner's claim is that the Utah DOC chose to relinquish jurisdictional custody of Petitioner by vacating and dismissing Petitioner's parole violation charge until final adjudication of Petitioner's federal charges. Petitioner therefore contends that the Utah DOC forfeited its right to award credit towards Petitioner's state sentences. Petitioner alleges he is entitled to 1292 days credit—the time from his arrest for the state parole violation on January 21, 2010 until his federal sentencing on August 6, 2013. Respondent contends that Petitioner has no prior custody credit that meets the statutory criteria of 18 U.S.C. § 3585(b).

Pursuant to 18 U.S.C. § 3585(b), a defendant is only entitled to credit for time served prior to the commencement of his sentence if that time has not been credited against another sentence:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

In enacting this statute, "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337.

---

[2] Ordinarily, Petitioner's federal sentence would have commenced on February 18, 2014, which is that date Utah released Petitioner on parole and transferred him to federal custody to serve his federal sentence. However, based on the district court's order that Petitioner's federal sentence run concurrently with the state sentence, the BOP determined that Petitioner's federal sentence commenced the date it was imposed, August 6, 2013. (Doc. 13 Ex. B at ¶12)

Here, the time that Petitioner seeks federal credit for has already been credited toward the satisfaction of his Utah state sentence or spent in service of his state sentence. (Doc. 13 Ex. A Attach. 2 at 4; Ex. B at ¶10). Specifically, the Utah DOC credited Petitioner with all the time from January 21, 2010—the date he was arrested on the parole violation—forward; thus, BOP cannot credit him with any of that time. Petitioner's argument that the Utah DOC relinquished jurisdictional custody over Petitioner when it vacated and dismissed the parole violation charge and therefore could not apply credit to Petitioner's state sentences is unavailing for two reasons.

First, the Utah DOC did not vacate and dismiss the parole violation charge as Petitioner claims; rather, Petitioner and the Utah Parole Board stipulated to vacate Petitioner's guilty plea to the parole violation charge, and agreed to hold a parole revocation hearing upon final adjudication of Petitioner's federal case. Nothing in the record suggests that the parties agreed to vacate and dismiss the parole violation charge itself.

Second, as explained above, Petitioner remained in Utah state custody in service of his state sentence when he was transferred to federal custody pursuant to the writ, and Utah continued to have primary jurisdiction over Petitioner. Despite the length of time that Petitioner spent in pre-trial custody awaiting adjudication of his federal charges, neither the federal courts nor the BOP have the authority to order that Petitioner's federal sentence date back in time to begin prior to the federal court actually pronouncing Petitioner's sentence. The federal sentencing judge recognized this when she specifically noted that she would not order Petitioner's federal sentence to run retroactively concurrent to the state sentences.[3] "And, in any event, statements by a district court regarding credit for time served are only recommendations." *Taylor*, 164 F.3d at 446.

---

[3] Even if the sentencing judge intended Petitioner to receive the credit he seeks, she did not have the power to impose such a sentence. A federal sentence cannot commence prior to its imposition, even if the judge intended it as concurrent with a sentence already being served. *See United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980). Such a sentence is not "fully concurrent"; "[r]ather, the second sentence runs together with the remainder of the one then being served." *Shevly v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983).

Based on the foregoing, Petitioner is not entitled to have the time that he spent in pre-trial custody pursuant to the writ credited toward his federal sentence.

### E. Exceptional Circumstances

Petitioner also argues that there are exceptional facts in his case—spending 43 months in pretrial custody after Utah vacated Petitioner's plea to the parole violation charge—that support his claim that he should receive credit towards his federal sentence for the time he spent in federal pretrial custody prior to his federal sentencing. This argument is without merit. Although Petitioner alleges that the length of time he spent in pre-trial custody pending adjudication of the federal charges warrants applying that time towards satisfaction of his federal sentence, Petitioner has not alleged any of the exceptional circumstances set forth in *Willis v. United States*, 449 F.3d 923 (5th Cir. 1971) or *Kayfez v. Gesele*, 993 F.2d 1288 (7th Cir. 1993) that would entitle him to such credit.

Although § 3585(b) does not provide for any exceptions, there are special circumstances in which an inmate may receive what amounts to double credit for time already credited to another sentence. "BOP policy is to award presentence custody credits already credited to a concurrent state sentence in two narrow circumstances where the BOP has determined that the credits will be of 'no benefit' to the federal prisoner. These credits are called *Willis* and *Kayfez* credits and are based on judicially-created exceptions to § 3585(b) set forth in *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993), and *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971)." *Gravel v. Fox*, 2014 WL 4676497, *7–8 (E.D. Cal. Sept. 18, 2014) (discussing *Willis* and *Kayfez* in detail and noting that both decisions were not controlling and that the Seventh Circuit subsequently limited *Kayfez* in an unpublished decision); *see also Kayfez*, 993 F.2d 1288 (crediting time against federal sentence where, "there was no longer a state sentence which credited prior official detention[ ]" when petitioner was received into federal custody); *Willis*, 438 F.2d 923 (considering whether the defendant had spent time in state custody only because he was subject to a federal detainer); *but see Elwell v. Fisher*, 716 F.3d 477, 485 (8th Cir. 2013)

(noting that *Willis* and cases like it were "based on the prior and now-repealed Code section—§ 3568—that permitted the 'double crediting' of pre-trial detention time for state and federal purposes[ ]", but Congress has since "repealed § 3568 and incorporated it into § 3585(b) with the addition of an express prohibition on double crediting.").

BOP Program Statement 5880.28 implements *Willis* and *Kayfez* by allowing a federal prisoner to receive credit from both the state and the federal based on the effective full term ("EFT") of each sentence. (Doc. 13 Ex. B Attach 1). Per Program Statement 5880.28, the *Willis* rule only applies if (1) the state and federal sentences are concurrent; and (2) the state EFT is equal to or shorter than the federal EFT. The *Kayfez* rule only applies if (1) the state and federal sentences are concurrent; (2) the state EFT is greater than the federal EFT; and (3) the state EFT is reduced to a date that is earlier than the federal EFT after applying qualified presentence time to the state EFT.

Here, Petitioner's state EFT is life with the possibility of parole and the federal EFT is 120 months. (Doc. 13 Ex. B Attach. 6). Thus, because the state EFT is longer than the federal EFT, *Willis* does not apply. *Kayfez* would only apply if reducing the state EFT by the amount of presentence credit that Petitioner contends he is entitled to—1292 days—would make the state EFT shorter than the federal EFT, which is clearly not the case here. Accordingly, Petitioner is not entitled to have time he spent in custody pursuant to the writ applied toward the satisfaction of his federal sentence under 18 U.S.C. § 3585(b).

### F. Conclusion

In light of the foregoing, the Court finds that Petitioner has been properly credited for all time served. Therefore, the undersigned recommends that the Petition (Doc. 1) be denied.

Finally, "the plain language of [28 U.S.C.] §2253(c)(1) does not require a petitioner to obtain a [certificate of appealability] in order to appeal the denial of a §2241 petition." *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008). "Nor is there any other statutory basis for imposing a [certificate of appealability] requirement on legitimate

§2241 petitions. Although state prisoners proceeding under §2241 must obtain a [certificate of appealability], *see* §2253(c)(1)(A), there is no parallel requirement for federal prisoners." *Id.* Accordingly, because Petitioner is a federal prisoner bringing a legitimate §2241 petition, a certificate of appealability is not required.

### III. RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order:

(1) **DENYING** Petitioner's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus. (Doc. 1).

(2) **DENYING** Petitioner's Request for Submission and Judgment (Doc. 15) as moot.

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-16-302-TUC-JAS**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review. The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

Dated this 1st day of August, 2017.

_____
Eric J. Markovich
United States Magistrate Judge